UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| **RODNEY CRAIG**, | ) Case No. |
| | ) |
| Plaintiff, | ) **COMPLAINT** |
| | ) |
| vs. | ) |
| | ) |
| **LEE ALAN REED & ASSOCIATES, INC.,** | ) *JURY TRIAL DEMANDED* |
| | ) |
| Defendant. | ) |

## I. NATURE OF ACTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA") and of the Revised Code of Washington, Chapter 19.16, both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices. Plaintiff further alleges a claim for invasion of privacy by intrusion, ancillary to Defendant's collection efforts.

Complaint - 1

Jon N. Robbins
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d).

## III. PARTIES

3. Plaintiff, Rodney Craig, is a natural person residing in the State of Washington, County of Snohomish, and City of Bothell.

4. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3), and a "debtor" as defined by RCW § 19.16.100(11).

5. At all relevant times herein, Defendant, Lee Alan Reed & Associates, Inc., ("Defendant") was a company engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

6. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6), and a "licensee," as defined by RCW § 19.16.100(9).

## IV. FACTUAL ALLEGATIONS

7. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt. Defendant's conduct violated the FDCPA and RCW § 19.16 in multiple ways, including but not limited to:

Complaint - 2

Jon N. Robbins
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

a. Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff. Defendant was hired by a mover, Authorized Movers ("Creditor"), to collect a debt from Plaintiff. The alleged debt was for a credit card payment of 2288 that Plaintiff had initially paid and then reversed through his credit card company, Citibank. When Defendant initially contacted Plaintiff, the charge of $2288 had been successfully reversed, and the alleged debt consisted of this charge that Creditor alleged was owed. Defendant represented to Plaintiff during their initial communication that Creditor had closed Plaintiff's account and would not be attempting to appeal Citibank's decision to reimburse Plaintiff for the charge, and that Defendant had been hired instead to attempt to collect the debt. Defendant and Plaintiff then came to an agreement to settle the alleged debt for $1500. This agreement is reflected in a document titled "Continent Release." In the Contingent Release, Defendant agreed to fully release Plaintiff of all obligations pursuant to the debt for a payment of $1500 to be received on or before June 29, 2009. Plaintiff paid the $1500 with a check paid on June 29, 2009. Despite Plaintiff's representations to the contrary, however, Creditor continued to appeal the reversal of the $2288 charge, which was the subject of the settlement. Plaintiff's credit card company eventually agreed with Creditor and Plaintiff's credit card has now been charged again with the $2288 charge that Defendant represented had been fully satisfied by the $1500 settlement paid on June 29, 2009 (§ 1692e(10) & § 1692f));

b. Failing to provide Plaintiff with the notices required by 15 USC § 1692g, either in the initial communication with Plaintiff, or in writing within 5 days thereof. Plaintiff never received any written correspondence from Defendant other than the settlement agreement he was to sign. Defendant never notified Plaintiff of his right to dispute the debt or any of the other disclosures required by 15 USC § 1692g(a) (§ 1692g(a));

c. Overshadowing the disclosures required by 15 USC § 1692g(a) during the thirty-day dispute period. To the extent that the notices required by § 1692g(a) were conveyed to Plaintiff, such notices were not effective, given that Defendant repeatedly threatened, within the 30-day period described by § 1692g(a), to report Plaintiff's debt to his credit report if payment was not made. (§ 1692g(b));

Complaint - 3

Jon N. Robbins
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

    d. Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt. Defendant is not licensed to collect debts in the State of Washington. The alleged debt was incurred through a move into the State of Washington by Plaintiff. Defendant therefore knowingly attempted to collect a debt from a Washington citizen without obtaining the required license (§ 1692f)).

8. Defendant's aforementioned activities, set out in paragraph 7, also constitute an intentional intrusion into Plaintiff's private places and into private matters of Plaintiff's life, conducted in a manner highly offensive to a reasonable person. With respect to the setting that was the target of Defendant's intrusions, Plaintiff had a subjective expectation of privacy that was objectively reasonable under the circumstances.

9. As a result of Defendant's behavior, detailed above, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress.

### COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

10. Plaintiff reincorporates by reference all of the preceding paragraphs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A. Declaratory judgment that Defendant's conduct

Complaint - 4

Jon N. Robbins
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

      violated the FDCPA;

  B. Actual damages;

  C. Statutory damages;

  D. Costs and reasonable attorney's fees; and,

  E. For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF WASHINGTON COLLECTION AGENCY ACT, WHICH IS A PER SE VIOLATION OF THE WASHINGTON CONSUMER PROTECTION ACT

11. Plaintiff reincorporates by reference all of the preceding paragraphs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

  A. Actual damages;

  B. Discretionary Treble Damages;

  C. Costs and reasonable attorney's fees,

  D. For such other and further relief as may be just and proper.

## COUNT III: COMMON LAW INVASION OF PRIVACY BY INTRUSION

12. Plaintiff reincorporates by reference all of the preceding paragraphs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

Complaint - 5

Jon N. Robbins
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

  A. Actual damages

  B. Punitive Damages; and,

  C. For such other and further relief as may be just and proper.


Respectfully submitted this 10th day of November, 2009.


    <u>s/Jon N. Robbins</u>
    Jon N. Robbins
    WEISBERG & MEYERS, LLC
    Attorney for Plaintiff

Complaint - 6

Jon N. Robbins
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake ,WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com